[Belknap, December, 1885.]

ATTORNEY-GENERAL *(ex rel.* Robinson) *v.* JOHNSON.

*Barnard & Barnard,* for the plaintiff.

*Sanborn & Hardy,* for the defendant.

INFORMATION in the nature of a *quo warranto,* alleging the rela-tor's election to the office of prudential committee of a school-dis-trict, and the defendant's usurpation of the office, and praying a judgment of ouster. At the last term, the defendant signed and filed the following paper:

" Belknap ss. Supreme Court.            June Law Term, 1885.

"*Atty. Gen.* v. *Johnson.*

" To prevent further controversy in the district, and for the pro-motion of harmony in the school work, I have resigned the office of prudential committee    *    *    *    , and make no further claim to hold said office."

Whereupon, the defendant moving to dismiss, and the plaintiff moving for judgment of ouster as on default, the question of the proper entry to be made, upon consideration of the facts of the case, was sent to the trial term, where it was found that there should be a judgment prohibiting the defendant from interfering with the office; and at this term such a judgment was rendered.

All concurred.

---

[Merrimack, December, 1885.]

BROWN *v.* SPAULDING.

CASE, for crim. con.   Facts found by the court.

*Davis & Paige* and *F. H. Gould,* for the plaintiff.

*Albin & Martin,* for the defendant.

DOE, C. J.   It does not appear that the plaintiff's original cause of action was extinguished by his subsequent prospective agree-ment.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.